[Cite as *State v. Lusane*, 2020-Ohio-4643.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2020-P-0062** |
| -vs- | : | |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2002 CR 00278.

Judgment: Appeal dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane,* pro se, P.O. Box 465, Ravenna, OH 44266 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} On August 14, 2020, appellant, Matthew M. Lusane, filed a pro se notice of appeal from the trial court's July 14, 2020 entry denying his motion to waive all fines and costs without a hearing.

{¶2} A timely notice of appeal from the July 14th entry was due on or before August 13, 2020, which was not a holiday or a weekend. Thus, the appeal is untimely filed by one day.

{¶3} App.R. 4(A)(1) states in part:

{¶4} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶5} App.R. 5(A) states, in relevant part:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings; * * *

{¶8} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶9} In the present case, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal. Thus, this court is without jurisdiction to consider the appeal. Appellant has a remedy under App.R. 5(A) to file an untimely appeal from a criminal judgment.

{¶10} The appeal is hereby sua sponte dismissed as being untimely.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

2